# IN THE UNITED STATES DICTRICT COURT
# DISTRICT OF MASSACHUSETTS

KATARZYNA LECHOWICZ, Executor
of the Estate of IZABELA LECHOWICZ, deceased,
DEBORAH SUTTON, Executor
of the Estate of ERIC SWAFFER, deceased,

      Plaintiffs

    v

RAYTHEON TECHNOLOGIES CORPORATION,   October 26, 2021

      Defendant

## COMPLAINT

  Plaintiffs KATARZYNA LECHOWICZ, Executor of the Estate of IZABELA LECHOWICZ, deceased, and DEBORAH SUTTON, Executor of the Estate of ERIC SWAFFER, deceased, through their undersigned counsel, for their Complaint against defendant RAYTHEON TECHNOLOGIES CORP. state as follows:

## COUNT I

  1.  Plaintiff Katarzyna Lechowicz is a citizen of Poland and a resident of the United Kingdom and is the Executor of the Estate of Izabela Lechowicz, deceased. Plaintiff Deborah Sutton is a citizen and resident of the United Kingdom and is the Executor of the Estate of Eric Swaffer, deceased.

  2.  Defendant Raytheon Technologies Corp. ("Raytheon") is a U.S. corporation which has its principal place of business in, and is a resident of, Waltham, Massachusetts.

  3.  This Court has diversity of citizenship subject matter jurisdiction over this action under 28 U.S.C. § 1332.

4. Venue is proper in this District under 28 U.S.C. §1391 as defendant Raytheon is a resident of this District.

5. On a date prior to October 27, 2018, defendant Raytheon designed, manufactured, assembled and sold a certain Tail Rotor Actuator, part number C161223-1 ("the Tail Rotor Actuator") used in a Leonardo Helicopters AW169, registration G-VSKP ("the Accident Aircraft").

6. At the time the Tail Rotor Actuator left the custody and control of defendant Raytheon, it was defective and unreasonably dangerous in one or more of the following respects:

(a) the Tail Rotor Actuator was subject to failure;

(b) the Tail Rotor Actuator control shaft was subject to disconnection from the actuator lever mechanism;

(c) the castellated nut securing the connecting pin and pin carrier which connects the Tail Rotor Actuator control shaft to the Tail Rotor Actuator lever mechanism was subject to failure and/or was unsuitably designed for the required function;

(d) the split pin securing the castellated nut referred to in (c) was subject to failure, shearing and/or was otherwise made of unsuitable material for the required function;

(e) the duplex bearing within the Tail Rotor Actuator which is connected to the Tail Rotor Actuator control shaft on its inner race and to the spider/slider assembly housing the tail rotor blades on its outer race was subject to failure, grease leakage, wear and damage, premature breakage, cage fracturing, particle release and seizure;

(f) the duplex bearing referred to (e) was defectively manufactured and/or manufactured in a way that did not conform to the part design;

(g) the duplex bearing referred to in (e) was designed and manufactured from inappropriate material for the required function;

(h) the design of the Tail Rotor Actuator failed to include any and/or sufficient provision to monitor and/or alert crew to the possibility of duplex bearing seizure, incorrect installation of the duplex bearing or otherwise failure of the Tail Rotor Actuator;

(i) the castellated nut securing the Tail Rotor Actuator control shaft to the duplex bearing was subject to failure;

(j) the torque values provided for the castellated nut referred to in (i) were incorrect and/or unsuitable for the required function and/or increased the likelihood of failure of the Tail Rotor Actuator;

(k) the Accident Aircraft did not contain any warnings of the above defects.

7. On October 27, 2018, the Accident Aircraft was departing the King Power Stadium in Leicester City, United Kingdom. Plaintiff's decedent Eric Swaffer was the pilot operating the flight and plaintiff's decedent Izabela Lechowicz was a passenger travelling on the Accident Aircraft.

8. On the aforesaid date and as the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the Accident Aircraft, the Tail Rotor Actuator control shaft became disconnected from the Tail Rotor Actuator lever mechanism, resulting in (a) the loss of the feedback mechanism which would have stopped the movement of the actuator when the yaw position commanded by the pilot had been reached, absent which the actuator did not register or comply with pilot commands and (b) the disconnection of a bellcrank which provides limited control stops for the yaw system, absent which the Tail Rotor Actuator continued to change the pitch of the tail rotor blades until they had reached their physical limit. As a direct and proximate result thereof, the Accident Aircraft entered an uncontrollable right yaw, contrary to the pilot's left pedal command, and was caused to violently crash. The Accident Aircraft was rapidly engulfed in an intense post impact fire and plaintiffs' decedents were injured and caused to expire.

9. Plaintiffs' decedents left surviving heirs and beneficiaries, including plaintiffs, for whose benefit this action is brought.

10. Plaintiffs and the other heirs and beneficiaries of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of plaintiffs' decedents.

WHEREFORE, plaintiffs Katarzyna Lechowicz, Executor of the Estate of Izabela Lechowicz, deceased, and Deborah Sutton, Executor of the Estate of Eric Swaffer, deceased, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendant Raytheon Technologies Corp. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-8. As paragraphs 1-8 of Count II, plaintiffs reallege paragraphs 1-8 of Count I.

9. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the Accident Aircraft, the Tail Rotor Actuator control shaft became disconnected from the Tail Rotor Actuator lever mechanism, resulting in (a) the loss of the feedback mechanism which would have stopped the movement of the actuator when the yaw position commanded by the pilot had been reached, absent which the actuator did not register or comply with pilot commands and (b) the disconnection of a bellcrank which provides limited control stops for the yaw system, absent which the Tail Rotor Actuator continued to change the pitch of the tail rotor blades until they had reached their physical limit. As a direct and proximate result thereof, the Accident Aircraft entered an uncontrollable right yaw, contrary to the pilot's left pedal command, and was caused to fly into the ground and violently crash. The Accident Aircraft was rapidly engulfed in an intense post impact fire and plaintiffs' decedents were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature,

inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

10. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

WHEREFORE, plaintiffs Katarzyna Lechowicz, Executor of the Estate of Izabela Lechowicz, deceased, and Deborah Sutton, Executor of the Estate of Eric Swaffer, deceased, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendant Raytheon Technologies Corp. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT III

1-5. As paragraphs 1-5 of Count III, plaintiffs reallege paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Raytheon owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in the design, manufacture, assembly and sale of the Accident Aircraft so as to not cause injury to, or the deaths of, plaintiffs' decedents.

7. Defendant Raytheon negligently breached the duty of care it owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts or omissions:

> (a) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's Tail Rotor Actuator was subject to failure;
>
> (b) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's Tail Rotor Actuator control shaft was subject to disconnection from the actuator lever mechanism;
>
> (c) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's castellated nut securing the connecting pin and pin carrier which connects the Tail Rotor Actuator control shaft to the Tail Rotor Actuator lever mechanism was subject to failure and/or was unsuitably designed for the required function;

(d) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's split pin securing the castellated nut referred to in (c) was subject to failure, shearing and/or was otherwise made of unsuitable material for the required function;

(e) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's duplex bearing within the Tail Rotor Actuator which is connected to the Tail Rotor Actuator control shaft on its inner race and to the spider/slider assembly housing the tail rotor blades on its outer race was subject to failure, grease leakage, wear and damage, premature breakage, cage fracturing, particle release and seizure;

(f) negligently manufactured the Accident Aircraft's duplex bearing referred to in (e);

(g) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's duplex bearing referred to in (e) was designed and manufactured from inappropriate material for the required function;

(h) negligently designed, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's Tail Rotor Actuator failed to include any and/or sufficient provision to monitor and/or alert crew to the possibility of duplex bearing seizure, incorrect installation of the duplex bearing or otherwise failure of the Tail Rotor Actuator;

(i) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's castellated nut securing the Tail Rotor Actuator control shaft to the duplex bearing was subject to failure;

(j) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the the torque values provided for the Accident Aircraft's castellated nut referred to in (i) were incorrect and/or unsuitable for the required function and/or increased the likelihood of failure of the Tail Rotor Actuator;

(k) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Tail Rotor Actuator did not contain any warnings of these defective and unreasonably dangerous conditions;

(l) negligently failed to provide adequate and proper documentation, maintenance requirements, training, instruction and guidance as to the appropriate installation, maintenance, monitoring and/or operation of the Accident Aircraft's Tail Rotor Actuator and its component parts.

8. On October 27, 2018, the Accident Aircraft was departing the King Power Stadium in Leicester City, United Kingdom. Plaintiff's decedent Eric Swaffer was the pilot operating the

flight and plaintiff's decedent Izabela Lechowicz was a passenger travelling on the Accident Aircraft.

9. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant Collins in breach of its duty owed, the Tail Rotor Actuator control shaft became disconnected from the Tail Rotor Actuator lever mechanism, resulting in (a) the loss of the feedback mechanism which would have stopped the movement of the actuator when the yaw position commanded by the pilot had been reached, absent which the actuator did not register or comply with pilot commands and (b) the disconnection of a bellcrank which provides limited control stops for the yaw system, absent which the Tail Rotor Actuator continued to change the pitch of the tail rotor blades until they had reached their physical limit. As a direct and proximate result thereof, the Accident Aircraft entered an uncontrollable right yaw, contrary to the pilot's left pedal command, and was caused to fly into the ground and violently crash. The Accident Aircraft was rapidly engulfed in an intense post impact fire and plaintiffs' decedents were injured and caused to expire.

10. Plaintiffs' decedents left surviving heirs and beneficiaries, including plaintiffs, for whose benefit this action is brought.

11. Plaintiffs and the other heirs and beneficiaries of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of plaintiffs' decedents.

WHEREFORE, plaintiffs Katarzyna Lechowicz, Executor of the Estate of Izabela Lechowicz, deceased, and Deborah Sutton, Executor of the Estate of Eric Swaffer, deceased, through their undersigned counsel, pray for the entry of a judgment in their favor and against

defendant Raytheon Technologies Corp. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IV

1-5. As paragraphs 1-5 of Count IV, plaintiffs reallege paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Raytheon owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in the design, manufacture, assembly and sale of the Accident Aircraft so as to not cause injury to, or the deaths of, plaintiffs' decedents.

7. Defendant Raytheon negligently breached the duty of care it owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts or omissions:

>(a) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's Tail Rotor Actuator was subject to failure;
>
>(b) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's Tail Rotor Actuator control shaft was subject to disconnection from the actuator lever mechanism;
>
>(c) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's castellated nut securing the connecting pin and pin carrier which connects the Tail Rotor Actuator control shaft to the Tail Rotor Actuator lever mechanism was subject to failure and/or was unsuitably designed for the required function;
>
>(d) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's split pin securing the castellated nut referred to in (c) was subject to failure, shearing and/or was otherwise made of unsuitable material for the required function;
>
>(e) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's duplex bearing within the Tail Rotor Actuator which is connected to the Tail Rotor Actuator control shaft on its inner race and to the spider/slider assembly housing the tail rotor blades on its outer race was subject to failure, grease leakage, wear and damage, premature breakage, cage fracturing, particle release and seizure;
>
>(f) negligently manufactured the Accident Aircraft's duplex bearing referred to in (e);

(g) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's duplex bearing referred to in (e) was designed and manufactured from inappropriate material for the required function;

(h) negligently designed, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's Tail Rotor Actuator failed to include any and/or sufficient provision to monitor and/or alert crew to the possibility of duplex bearing seizure, incorrect installation of the duplex bearing or otherwise failure of the Tail Rotor Actuator;

(i) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Accident Aircraft's castellated nut securing the Tail Rotor Actuator control shaft to the duplex bearing was subject to failure;

(j) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the the torque values provided for the Accident Aircraft's castellated nut referred to in (i) were incorrect and/or unsuitable for the required function and/or increased the likelihood of failure of the Tail Rotor Actuator;

(k) negligently designed, manufactured, assembled and sold the Tail Rotor Actuator such that the Tail Rotor Actuator did not contain any warnings of these defective and unreasonably dangerous conditions;

(l) negligently failed to provide adequate and proper documentation, maintenance requirements, training, instruction and guidance as to the appropriate installation, maintenance, monitoring and/or operation of the Accident Aircraft's Tail Rotor Actuator and its component parts.

8.      On October 27, 2018, the Accident Aircraft was departing the King Power Stadium in Leicester City, United Kingdom. Plaintiff's decedent Eric Swaffer was the pilot operating the flight and plaintiff's decedent Izabela Lechowicz was a passenger travelling on the Accident Aircraft.

9.      As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant Raytheon in breach of its duty owed, the Tail Rotor Actuator control shaft became disconnected from the Tail Rotor Actuator lever mechanism, resulting in (a) the loss of the feedback mechanism which would have stopped the movement of the actuator when the yaw position commanded by the pilot had been reached, absent which the actuator did not register or

comply with pilot commands and (b) the disconnection of a bellcrank which provides limited control stops for the yaw system, absent which the Tail Rotor Actuator continued to change the pitch of the tail rotor blades until they had reached their physical limit. As a direct and proximate result thereof, the Accident Aircraft entered an uncontrollable right yaw, contrary to the pilot's left pedal command, and was caused to fly into the ground and violently crash. The Accident Aircraft was rapidly engulfed in an intense post impact fire and plaintiffs' decedents were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

10. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

WHEREFORE, plaintiffs Katarzyna Lechowicz, Executor of the Estate of Izabela Lechowicz, deceased, and Deborah Sutton, Executor of the Estate of Eric Swaffer, deceased, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendant Raytheon Technologies Corp. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

### JURY TRIAL DEMANDED

Plaintiffs request a jury trial on all claims.

By: /s/ Jonathan P. Whitcomb
DISERIO MARTIN O'CONNOR &
CASTIGLIONI, LLP
Jonathan P. Whitcomb, BBO #704522
JWhitcomb@dmoc.com
Christina M. Volpe, BBO #706426
cvolpe@dmoc.com
Diserio Martin O'Connor & Castiglioni LLP
c/o Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
Telephone: (617) 906-3359
Facsimile: (203) 348-2321

Floyd A. Wisner
Wisner Law Firm
514 W State St. Suite 200
Geneva, IL 60134
(630) 262-9434
 (*pro hac vice application forthcoming*)